IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COUR.
DENVER, COLORADO

Civil Action No. 06-cv-00220-BNB

JEFF H. WILLIAMSON,

    Plaintiff,

v.

MAR 7 - 2006

GREGORY C. LANGHAM
CLERK

ROBERT SWAN MUELLER, III,
"JOHN DOE" POWERS,
BRIAN SCHMIDT,
STEVE OLSEN,
"JOHN DOE" PRICE,
WAYNE ALLARD,
DENVER CITY COUNCIL,
BOB MALTEE,
JEFF SELBERG,
DR. KELLI LEWIS,
DR. CHARLES CLARK,
TEN UNKNOWN LUTHERAN MEDICAL CENTER STAFF MEMBERS,
SIX UNKNOW [sic] LUTHERAN MEDICAL CENTER SECURITY GUARDS,
THREE UNKNOWN COLORADO STATE INVESTIGATORS,
BILL LEONE,
GERALD WHITMAN,
O. EDWARD SCHLATTER,
PORTER GOSS,
DR. CHUNG HWAN KWAK,
TOM CURLEY,
BOB WRIGHT,
ROBERT IGER,
LESLIE MOOVES,
RUPERT MURDOCH,
JIM WALTON,
JONATHON KLEIN,
RUDI BAKHTAIR,
MIKE GALONOS, and
OTHER UNNAMED NATIONAL AND LOCAL MEDIA REPRESENTATIVES,

ORDER TO FILE AMENDED COMPLAINT

On January 30, 2006, Plaintiff Jeff H. Williamson filed a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In the Complaint, Plaintiff states that he is a citizen of Colorado but is homeless. He also claims that his constitutional rights have been violated pursuant to 42 U.S.C. § 1983 and other various federal statutes. The Court reviewed the Complaint, determined that it is deficient, and entered an order, on February 8, 2006, directing Plaintiff to file the claims on a Court-approved form and to submit a properly notarized Motion and Affidavit. On February 14, 2006, Plaintiff complied with the February 8 Order and filed a Complaint form and a properly notarized Motion and Affidavit. Subsequently, on February 17 and 22, 2006, Plaintiff filed documents that are both titled "Amendment of Complaint as a Matter of Course." In the documents, Plaintiff asserts additional facts.

The Court must construe the Complaint liberally because Mr. Williamson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

An amended complaint supersedes the original complaint. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2nd Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981). Therefore, Plaintiff's attempts to amend the Complaint on February 17 and 22, 2006,

supersede the Prisoner Complaint form he submitted on February 14, 2006. Nonetheless, the attempts are insufficient to amend the Complaint, because the filings are incomplete and only include additional statements of fact. An amended complaint must include all the information requested on the Court-approved form.

Upon review of Plaintiff's Complaint filed February 14, 2006, the Court finds that as opposed to stating claims, Plaintiff simply refers to claims he asserted in the original Complaint. Under Fed. R. Civ. P. 10(c), "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading," but only if the reference to allegations in the prior complaint are direct and specific. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.*, 1 F.R.D. 395 (S.D.N.Y. 1940); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1326 (1990). Plaintiff's references are not direct and specific. Furthermore, submitting a Court-approved form without completing the form does not meet the requirements set forth in D.C.COLO.LCivR 8.1A.

Nonetheless, even if the Court were to consider the merits of Plaintiff's original Complaint, the Complaint fails to meet the requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet

these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Williamson's Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Williamson apparently expects the Court to sift through the thirty-eight pages of the complaint and determine what are claims and what are merely restatements of information Plaintiff has copied from other sources regarding police surveillance and the understanding of the term "disinformation."

Pages six through ten of the Complaint include Plaintiff's statement of facts. To the extent that Plaintiff may state a viable claim, the statement of facts simply is a rambling narrative of events that took place from July through December 2005. It is Mr. Williamson's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Williamson must allege, **simply and concisely**, his specific claims for

4

relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

The Court also finds that to the extent Mr. Williamson is challenging the time he was held in jail, he may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. **Id.** at 486-87.

A judgment in favor of Mr. Williamson in this action necessarily would imply the invalidity of his state court proceedings. Therefore, he may not bring this action unless he has invalidated the proceeding. Mr. Williamson does not allege an invalidation of his conviction nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's state-court criminal proceedings would be barred by **Heck**.

Plaintiff also is reminded that pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). Furthermore, Plaintiff should take note that he may use fictitious names, such as "John Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if he uses fictitious names he must provide sufficient information about each defendant so that each defendant can

be identified for the purpose of service. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and with this Order. It is

FURTHER ORDERED that because Mr. Williamson has not provided the Court with a mailing address he is responsible for obtaining copies of the instant Order and copies of a Court-approved form on which he may file a proper Amended Complaint. It is

FURTHER ORDERED that if Mr. Williamson fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's "Motion for Court to Waive Photo Copy Charges on Complaint so the Defendants can be Served by U.S. Marshal," filed on February 8, 2006, is denied. It is

FURTHER ORDERED that Plaintiff's Motion for an Appointment of Counsel, filed on February 17, 2006, is denied as premature.

DATED March 7, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge